UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAMONT MAURICE BUCHANAN, ) | CASE NO. 5:14-cv-1656 |
| PETITIONER, ) | JUDGE SARA LIOI |
| vs. ) | |
| JASON BUNTING, Warden, ) | **MEMORANDUM OPINION** |
| RESPONDENT. ) | |

Before the Court is the Report and Recommendation of a magistrate judge[1] recommending dismissal of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. No. 15 ["R&R"].) Petitioner filed objections. (Doc. No. 18 ["Obj."].) Respondent filed neither his own objections nor any response to petitioner's objections. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has conducted its de novo review of the matters raised in the objections. For the reasons discussed below, the objections are overruled and the R&R is accepted.

## I. BACKGROUND

Petitioner was indicted by a grand jury on one count of aggravated burglary in violation of Ohio Rev. Code § 2911.11 and one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01, both with firearm specifications, plus one count of having weapons under a disability in violation of Ohio Rev. Code § 2923.13. (Doc. No. 9 ["Answer"] at 75-77.[2]) On

---

[1] Magistrate Judge Greg White, who issued the R&R, has since retired.

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

April 27, 2012, following a jury trial in the Stark County Court of Common Pleas, he was convicted on counts one and two and all specifications. On May 10, 2012, having further been found guilty by the court of having weapons while under a disability,[3] he was sentenced to an aggregate term of twelve (12) years of imprisonment, with post-release control. (*Id*. at 90-95.)

Represented by new counsel, petitioner filed a direct appeal.[4] (*Id*. at 96.) On March 22, 2013, the Fifth District Court of Appeals affirmed the trial court's judgment (*Id.* at 187) and, on July 24, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal.[5] (*Id*. at 234.)

On May 16, 2014, proceeding *pro se*, petitioner applied to reopen his direct appeal (*id.* at 235), but the application was denied on June 30, 2014, without addressing the merits, due to untimeliness (*id.* at 260).[6]

---

[3] Buchanan waived his right to a jury trial on count three. (Answer at 88.)

[4] Petitioner asserted three assignments of error:

1. The trial court abused its discretion in giving a flight instruction to the jury when the evidence adduced at trial did not substantiate the instruction.
2. The appellant was denied his right to a fair trial due to prosecutorial misconduct.
3. The trial court's finding of guilty was against the manifest weight of the evidence and was not supported by sufficient evidence.

(Answer at 101.)

[5] Before the Ohio Supreme Court, representing himself, petitioner raised three propositions of law:

I. When a trial court gives a jury instruction "on flight" to which [the evidence adduced at the trial] did not substantiate, the court abuses its discretion and the defendant is deprived both: due process of law and a fundamentally fair trial. *See: People v. Green*, (1980), 27 Ca. 3d 1; and, *State v. Craft* (1977), 52 Ohio App. 2d 1, 7.
II. A criminal defendant's right to a fair trial is constitutionally implicated where, as here, prosecutorial misconduct so infected the trial in unfair prejudice so as to amount to a denial of due process. *See*: *Berger v. United States*, (1935), 295 U.S. 78.
III. A finding of guilt not supported by the manifest weight of the evidence must fail as a matter of law and fact. *See: Tibbs v Florida* (1982), 457 U.S. 31, 41-43; *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560; and, *State v. Jenkins* (1991), 61 Ohio St. 3d 250.

(Answer at 191-92.)

[6] According to documents attached to his traverse, a subsequent attempt to appeal this denial was rejected by the Ohio Supreme Court as untimely and the documents were returned to petitioner. (Doc. No. 11 ["Traverse"] at 798.)

The instant *pro se* petition was filed on July 28, 2014. (Doc. No. 1 ["Petition"].)

Petitioner raised five grounds for relief:

GROUND ONE: Trial court conviction lacked sufficiency and manifest weight in light of the evidence

Supporting Facts: Evidence was presented to support self-defense rather than the charges alleged as this petitioner himself suffered numerous stab wounds from the alleged victim who simply manufactured the robbery story to cover his own illegal actions including drug dealing. Any credibility of the alleged victim's should be zero due to numerous inconsistencies and the self serving need to lie. The victim's children slept through the alleged robbery. Such an improper conviction violates the 5th and 14th Amendments guarantee of a fair trial and the due process of law.

GROUND TWO: Improper flight instruction

Supporting Facts: The trial court deprived this petitioner of a fair trial and the due process of law under the 5th and 14th Amendments when it gave the jury a flight instruction when the evidence adduced at trial did not in any way support such an instruction since no actual flight whatsoever occurred.

GROUND THREE: Prosecutorial misconduct

Supporting Facts: The prosecutor, in closing arguments, misstated evidence, improperly vouched for witnesses, implied that the defense attorney intentionally mislead [sic] the jury and improperly commented on the alleged victim's children sleeping through the alleged attack all of which deprived this appellant of a fair trial and the due process of law under the 5th and 14th Amendments.

GROUND FOUR: Ineffective assistance of appellate counsel

Supporting Facts: Appellate counsel, who was appointed by the State, failed to raise numerous substantial claims of ineffective assistance of trial counsel which had they been raised would have changed the outcome of the appeal in favor of the petitioner in violation of the 5th, 6th and 14th Amendments.

GROUND FIVE: Ineffective assistance of trial counsel

Supporting Facts: Based upon the pending 26b application and the facts contained therein. Pending in Post-conviction petition 26b.

(Petition at 6, 8, 9, 11, 17.) The R&R recommends denial of the petition.

## II. DISCUSSION

### A. The Standard of Review

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections."). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C).

### B. De Novo Review

The R&R recommends that grounds two through five be dismissed as procedurally defaulted. It further recommends that ground one be dismissed on the merits because there is nothing unreasonable about the state court's determination that sufficient evidence existed to support petitioner's convictions.

### 1. Procedural Default – Grounds Two through Five

Before a federal court will review the merits of a habeas petition, certain procedural barriers must be cleared, notably, exhaustion and procedural default. Here, exhaustion does not appear to be an issue. Rather, the R&R concludes that several grounds are procedurally defaulted.

Procedural default and its attendant "cause and prejudice" standard are both "grounded in concerns of comity and federalism." *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S. Ct. 2546, 115 l. Ed. 2d 640 (1991). This doctrine bars federal court review of claims that a state court has declined to address due to failure of the petitioner to comply with a state procedural requirement unless petitioner can establish cause for the failure and a resulting prejudice, or if failure to review would result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000).

*Ground Two*

The R&R states that petitioner never "fairly presented" as a federal claim the jury instruction challenge included in ground two. Although petitioner attempted to present it to the Ohio Supreme Court, he had failed to raise it on direct appeal, so that court would not consider it. And even when he did raise it before the Ohio Supreme Court, he argued only that the trial court abused its discretion in giving the instruction; he did not raise it as a federal claim.

Notably, petitioner does not deny the failure to present this claim on direct appeal. Rather, he objects on the basis that he is "actually innocent" and, therefore, any default should be excused, because conviction of an actually innocent person could be nothing but a violation of due process. (Obj. at 912.) He further claims that, on direct appeal, his appointed counsel discussed several federal cases addressing due process and, therefore, this "qualifies as meeting

5

the fair presentation requirement to avoid procedural default." (*Id.*) Finally, petitioner argues that the R&R completely ignores the fact that the state court of appeals found it was error, albeit harmless, to have given the flight instruction; he concludes that this amounted to "tipping the scales of justice in favor of the state and convicting an innocent man," which, in his view, surely must be error. (*Id.* at 913.)

Petitioner's objections are not convincing. He points to no error in the R&R's analysis and cites no law supporting his arguments. Rather, he simply insists that it should be enough that he is "innocent." Ground Two is procedurally defaulted and the Court overrules petitioner's objections to the contrary.

*Ground Three*

In ground three, petitioner claims that it was prosecutorial misconduct for the prosecuting attorney, during closing argument, to make misstatements of fact and to improperly vouch for the credibility of witnesses. As noted by the R&R, because there was no contemporaneous objection at trial, the state court reviewed the matter under the plain error standard, and found no error.

The Sixth Circuit has long held that Ohio's "contemporaneous-objection rule is an adequate and independent state ground barring federal habeas review," and that "plain-error review is not inconsistent with [ ] procedural default." *Awkal v. Mitchell*, 613 F.3d 629, 649 (6th Cir. 2010) (citations omitted).

By way of objection, petitioner concedes that his trial counsel did not contemporaneously object (Obj. at 913), but argues that this amounted to ineffective assistance of counsel sufficient to establish cause for any procedural default. But, as pointed out by the R&R, the "cause" standard of procedural default requires a showing of "some objective factor external to the defense counsel's efforts[.]" (R&R at 899, quoting *Wogenstahl v. Mitchell*, 668 F.3d 307, 321

(6th Cir. 2012) (quoting *McClesky v. Zant*, 499 U.S. 467, 493, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991)).

Petitioner does not refute this reasoning, but merely argues that the prosecuting attorney had a "sworn duty" to uphold the law, even if the defense attorney does not object. (Obj. at 913-14.) In his view, this deprived him of his right to a fair trial, and "in combination with actual innocence …, should constitute cause to excuse any perceived procedural default as a fundamental miscarriage of justice has occurred[.]" (*Id*. at 914.) No matter what petitioner's view may be as to what "should" constitute cause, he supplies no authority suggesting that his view of the law is accurate.

Petitioner's objection does not overcome the procedural default. His objection is overruled.

*Grounds Four and Five*

These grounds address ineffective assistance of counsel. Petitioner attempted to raise these two grounds for the first time in his Rule 26(B) application. They were rejected as untimely by the state court. Courts have routinely found the timeliness requirement of Rule 26 to be an adequate and independent ground upon which to foreclose federal habeas review. (*See* R&R at 899, citing cases.) Due to petitioner's failure to timely raise these claims, no state court has examined them, and, as properly noted by the R&R, they are procedurally default.

Petitioner's primary objection is that "it is difficult to understand how the blatant violation of [his] 6th amendment rights can be ignored" and why the procedural default would not be "excused by an untimely filing of the claim pro-se." (Obj. at 915.) He claims "a fundamental miscarriage of justice[.]" (*Id.*) He also objects to the R&R's refusal to credit his claim of "actual innocence" as "cause" for his procedural default. Petitioner relies upon the fact

7

that he himself was stabbed by the person he allegedly robbed, apparently believing that this somehow would establish his actual innocence of the crimes of which he was convicted. There is no merit in that assertion, as one can certainly be both a perpetrator and a victim at the same time.

Petitioner also argues, without any supporting citation to the record, that "the sentencing Judge himself said that he believed the alleged victim should have himself been charged for his stabbing the petitioner so many times." (*Id.* at 916.) Petitioner then asserts that, despite so finding, the judge was "reluctant to take such [ ] drastic actions [i.e., setting aside the conviction] for fear of repercussions at re-election time." (*Id.*) There is no basis other than petitioner's subjective belief to support these assertions. Even if it were true that the sentencing judge made such a comment, petitioner does not explain how or why this would "serve to excuse the perceived default[.]" (*Id.*)

In fact, the Court's own review of the sentencing transcript reveals that the judge specifically noted that petitioner and his family improperly "focus[ed] on the conduct of the victim" and made much "of the fact [of] the stabbing 14 times, … [and] all kinds of issues, none of which dealt with [petitioner's] conduct going into that home and having a gun and committing the offense. What happened thereafter is on the alleged victim in this case, *whether or not he should have been charged*." (Answer at 776, emphasis added.) The sentencing judge stated that none of those matters were before the jury or before him.  In other words, the victim's own conduct was not relevant at trial or at sentencing, and it remains so on habeas review.

Petitioner's objections with respect to grounds four and five are overruled.

2. **Merits Review – Ground One**

The R&R correctly noted that an application for writ of habeas corpus cannot be granted unless a claim adjudicated on the merits in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." (R&R at 901 (quoting 24 U.S.C. § 2254(d)).)

In ground one, petitioner challenges the sufficiency and weight of the evidence against him, the latter not being cognizable on federal habeas review, and the former entitled to "double deference" by habeas courts. (*Id.* at 901-02, citing cases.)

The R&R quoted at length the analysis by the state appellate court of this same insufficiency claim, and found no error. (*See id.* at 905-07.) The R&R notes that petitioner is essentially arguing only that "the jury should have believed his version of the events or that his version is more plausible." (*Id.* at 907.) Finding nothing "unreasonable" about the state court's determination that sufficient evidence existed to support petitioner's convictions, the R&R found ground one to be without merit.

In objection, petitioner does little more than attack the R&R's "boilerplate recitation of the applicable law[.]" (Obj. at 916-17.) But, boilerplate or not, it is that law that must guide this Court's analysis.

Petitioner does no more than argue that his version is "what happened"[7] and that his conviction "is a fundamental miscarriage of justice[.]" (*Id.* at 917.) He criticizes the R&R for its

---

[7] He asserts: "This petitioner went to the alleged victim's house to simply purchase a small quantity of recreational marijuana. An argument broke out and the alleged victim stabbed this petitioner numerous times. To cover up the

9

failure to mention the police reports that he added to his traverse. Without citation, he claims the police reports prove that witnesses were lying and, without those lies, he could not have been convicted. True or not, a habeas court does not sit to reweigh the evidence or to judge the credibility of witnesses. Rather, this Court must apply § 2254(d) to determine whether its requirements have been met. That review is narrow. Other than disagreeing with the outcome of the R&R on this issue, petitioner points to no particular error.

The objections regarding ground one are overruled.

### III. CONCLUSION

For the reasons discussed above, petitioner's objections to the R&R are overruled and the R&R is accepted. The petition for writ of habeas corpus is denied and the case is dismissed. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: November 30, 2016

                                                  **HONORABLE SARA LIOI**
                                                  **UNITED STATES DISTRICT JUDGE**

---

brutal attack, the alleged victim and his pregnant girlfriend concocted the phony robbery story." (Obj. at 917.) This is a version of the facts that, apparently, the jury did not believe.